UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
J&J SPORTS PRODUCTIONS, INC.,

                   Plaintiff,

    -against-

JOSE A. BERNAL, Individually, and as officer,
director, shareholder and/or principal of EL
SONADOR CAFÉ RESTAURANT INC., d/b/a
EL SONADOR CAFÉ RESTAURANT, a/k/a
30-30 CAFÉ RESTAURANT, and EL
SONADOR CAFÉ RESTAURANT INC., d/b/a
EL SONADOR CAFÉ RESTAURANT, a/k/a
30-30 CAFÉ RESTAURANT,

                  Defendants.

----------------------------------------------------------
x

**MEMORANDUM AND ORDER**
Case No. 09-CV-3745 (FB) (MDG)

*Appearances:*
*For the Plaintiff:*
JULIE COHEN LONSTEIN, ESQ.
Lonstein Law Office, P.C.
1 Terrace Hill, Box 351
Ellenville, NY 12428

**BLOCK, Senior District Judge:**

On August 27, 2009, plaintiff J&J Sports Productions, Inc., filed a complaint seeking

damages for the allegedly unauthorized interception and exhibition of several boxing matches ("the

Event"), to which plaintiff held distribution rights, in violation of 47 U.S.C. § 605. As defendants

El Sonador Café Restaurant Inc., and Jose A. Bernal ("Defendants"), after being duly served, have

failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #6

(Clerk's Entry of Default), plaintiff now moves for entry of a default judgment pursuant to Federal

Rule of Civil Procedure 55(b).

A defendant's default is an admission of all well-pleaded allegations in the complaint,

except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

By alleging that Defendants "used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's broadcast, whcih originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems," Compl. at ¶ 19, plaintiff has stated a claim under 47 U.S.C. § 605(a). *See International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 131-33 (2d Cir. 1996) ("*Sykes II*") (holding that § 605 applies to the interception of cable communications originating as a satellite transmissions), *cert. denied*, 519 U.S. 929 (1996). Plaintiff has not, however, stated a claim under 47 U.S.C. § 605(e)(4), since the complaint contains no allegations that Defendants were anything other than interceptors of the Event's communication or end users of an illegal device. *See Garden City Boxing Club, Inc. v. Morales*, 05-CV-0064, 2005 WL 2476264, at *5 (E.D.N.Y. Oct. 5, 2005) (citing cases holding that § 605(e)(4) only applies to manufacturers and distributors).

Plaintiff's motion for entry of default judgment is granted. The matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded under 47 U.S.C. § 605(e).

**SO ORDERED**.

                                               _____

                                               FREDERIC BLOCK
                                               Senior United States District Judge

Brooklyn, New York
December 15, 2009